# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Erika Jo Larson and Jerod Larson, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-1005-WEB |
| ) | |
| Chase Manhattan Mortgage Corp., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Now before the Court is Defendant's motion to strike. (Doc. 86). Plaintiffs submitted affidavits from Erika Jo Larson and Mark Jameson as well as a correction sheet from Marybeth Anderson in their Memorandum in Opposition to Defendant's Motion for Summary Judgment. (Doc. 85). Defendant contends portions of these documents should be stricken as they materially alter previous sworn testimony as well as violating the rules of evidence.

### I. Standard

Federal Rules of Civil Procedure 30(e) states:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed. R. Civ. P. 30(e).

The Tenth Circuit has cited with approval the language from *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322 (W.D. La. 1992) which applied the following standard to Rule 30(e):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e.d, he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002) (citing *Greenway,* 144 F.R.D. at 325).

The Tenth Circuit has established a test to determine if alterations to deposition testimony through an errata sheet or affidavit are an attempt to create sham factual issues and should therefore be disregarded. *Burns v. Bd. of County Comm'rs,* 330 F.3d 1275 (10th Cir. 2003) (errata sheets); see also *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir. 1986) (affidavits). The Court will consider the following:

> whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.

*Id.,* at 1237.

Analysis of the *Burns* factors is unnecessary if the proposed changes to the deposition testimony are immaterial. *Summerhouse v. HCA Health Servs.*, 216 F.RD. 502, 508 (D. Kan. 2003). "A change is material if it bears on an essential element of a claim or defense." *Id*.

## II. Analysis.

Marybeth Anderson, Plaintiffs' realtor has altered answers in her prior deposition testimony through an errata sheet in the following manner:

> Q...And if you have a - - in your experience, if you have a client that declines to use a

> professional inspector , do you typically warn them of the potential consequences of not doing that?
> A. We inform them that they have an opportunity to have a professional inspection.
> Q But I think my - - I'm sorry, go ahead. Were you done?
> A. And if they choose to do so, that is a good thing, and if they choose not to do so and they're satisfied, that's fine too. <u>They were buying the house "as is" which means in the same condition as when the contract was written.</u>

(Def. Ex. C at 54: 15-25);(Def. Ex. B at 1) (underlined portion shows additional language).

The Court does not find that this addition is material. First, the additional language can also be found in other parts of the deposition and it is consistent with those other sworn statements. (Def Mem. for Sum. J. Ex. I. at 56: 5-8, 84: 10-24). Second, the additional statement is a legal interpretation. As the parties are well aware, the interpretation of legal documents is a legal function for this Court; consequently, Ms. Anderson's definition of "as is" is not material. *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 324, 961 P.2d 1213, 1219 (1998) (the interpretation of a written instrument is a question of law). Because the additional statement is immaterial, change is permissible under Rule 30(e).

Defendant next contends that the Court should not consider statements from Erika Jo Larson's recent affidavit. The statements in controversy are:

> 11. The following day, on May 4, 2004, after we believed we had already bought the house, we were told that Chase Manhattan Mortgage Corp. would not go through with the transaction unless we signed two (2) additional Addendums to the Contract, one being a Mold Addendum.
> ...
> 13. A couple of days after we entered into the purchase agreement, I drove by our house and was surprised to see unknown individuals inside the house performing some miscellaneous repairs.

(Doc. 87, Ex. A).

Chase objects to the use of this affidavit not because it contradicts prior testimony but rather on grounds that it is offering a legal conclusion on when the real estate contract was executed. The

3

Court disagrees. Erika Larson gives her subjective belief of when they had bought the home. This is not a legal conclusion and is allowable. *Southwest & Assocs. v. Steven Enters., LLC*, 32 Kan. App. 2d 778, 781, 88 P.3d 1246 (2004) (whether a contract is formed is an objective test based on the parties' outward expression of assent rather than the subjective beliefs of the parties).

Defendant next contends that statements in Erika Jo Larson's affidavit directly contradict her sworn deposition testimony. The affidavit language states:

> 16. Later on, Bob Moore told **us** that Chase had previously hired Safeguard to make some repairs to the house but Safeguard had failed to have the repairs completed before the home was listed for sale. He also told **us** that the carpet was damp because it had recently been shampooed and it was in the process of drying so there was nothing to worry about.

(Doc. 87 Ex. A ¶ 16) (emphasis added).

Erika Larson previously testified that she only spoke with Bob Moore on one occasion, which occurred after closing. (Def. Ex. H at 59: 23 to 60: 12). During this conversation Erika Larson told Bob Moore about the mold problem, to which Moore replied it wasn't his problem and hung up. (Id.).

Plaintiffs concede that Bob Moore did not have the conversation with Erika Larson as described in her affidavit. Plaintiffs instead urge the Court to read the word "us" in a more inclusive manner to include people with whom Bob Moore did not speak. The word "us" is the objective case of "we", which is defined as "I and the rest of a group that includes me". Merriam-Webster's Collegiate Dictionary 1297, 1333 (10th ed. 2001). Use of the word "us" in her affidavit to describe a conversation in which she did not participate is incorrect and misleading.

The paragraph does not appear to be material to the summary judgment; however, out of an abundance of caution the Court will continue to address this issue. The paragraph in Erika Larson's affidavit must be disregarded using the factors in *Franks* as well. She was cross-examined when she

4

gave her deposition testimony and her revised statements are not the result of newly discovered evidence. Furthermore, her deposition testimony is unequivocal as to the one conversation and its content; consequently, the new statements in the affidavit create rather than reduce confusion. In sum, the Court will not consider this paragraph as it is misleading and it meets the criteria in *Franks*.

Defendant finally argues portions of Mark Jameson's affidavit ought to be stricken because it is speculative. The paragraph at issues reads as follows:

> Ms. Ellington's response was that the property was being sold "as is" and she did not appear to [sic] worried about the leak. I do not know if Kristen Ellington or the other gentleman made any effort to shut the water off, or took any other action to fix the water leak.

(Doc. 87 Ex. E ¶ 6).

The Court disagrees that Mr. Jameson cannot observe appearances. Mr. Jameson's statement does not purport to state that Ms. Ellington was not worried; rather, she appeared not to be worried. This conclusion is based on Mr. Jameson's personal observation during a conversation with Ms. Ellington; consequently, it is one that "results from a process of reasoning familiar in everyday life" and is admissible. Fed. R. Evid. 701 Adv. Committee Notes 2000.

It is ORDERED that Defendant's Motion to strike (Doc. 86) be GRANTED in part and DENIED in part.

SO ORDERED this 15th day of August 2005.

        s/ Wesley E. Brown

        Wesley E. Brown, U.S. Senior District Judge