IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Erika Jo Larson and Jerod Larson,      )
                                       )
     Plaintiffs,                     )
                                       )
vs.                                    )     Case No. 05-1005-WEB
                                       )
Chase Manhattan Mortgage Corp.,        )
                                       )
     Defendant.                      )
_____ )

MEMORANDUM AND ORDER

Now before the Court is Defendant's motion for attorney's fees in the amount of $60,250. (Doc. 98). The Court granted Plaintiffs an extension of time until September 27, 2006 to file a response. (Doc. 104). On October 2, 2006, having heard nothing from Plaintiffs, the Court granted Plaintiffs ten additional days to show cause why the Court should not grant Defendant's request for attorney's fees. (Doc. 105). Plaintiffs have again failed to respond.

In Kansas, "attorney fees cannot be awarded absent statutory authority or agreement." *Gaslight Villa, Inc. v. Governing Body, City of Lansing,* 213 Kan. 862, 873, 518 P.2d 410 (1974). The following language is found in the real estate contract:

"**Attorney's Fees.** If either **BUYER** or **SELLER** files any action or brings any proceeding against the other arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees." (Def. Ex. A ¶ 18).

Defendant is the prevailing party as the Court granted summary judgment in its favor. (Docs. 96, 97). Because the contract provides for attorney's fees and Defendant's motion is uncontested, the Court will grant the motion. D. Kan. Rule 7.4; D. Kan. Rule 6.1(d). However,

as a condition of the contract, the Court must be satisfied that the requested fee is reasonable.

The Kansas Supreme Court looks to the following factors to determine the reasonableness of a fee award:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*City of Wichita v. BG Products, Inc.*, 252 Kan. 367, 374, 845 P.2d 649, 654 (1993).

The detailed time records submitted by Defendant shows associates spent 189.2 hours and partners spent 244 hours on this case. See *Davis v. Miller,* 269 Kan. 732, 7 P.3d 1223, 1235 (2000) (fees must be supported by meticulous time records). The Court does not find this to be unreasonable as there were two dispositive motions involving contract and tort issues, as well as discovery for medical and environmental factual issues, including expert witnesses. The fixed rates of $125 and $150 per hour, for an associate and partner respectively, are reasonable for Wichita, Kansas. *Scott v. Boeing Co.,* 2002 WL 1378243 (D. Kan. July 21, 2002); *Godinet v. Management and Training Corp.*, 182 F. Supp. 2d 1108, 1113 (D. Kan. 2002) (allowing hourly rate of $115-$175 in Topeka, Kansas). The amount at stake in the litigation was not insignificant as Plaintiffs requested approximately $105,000 in damages and fees as well as unspecified pain and suffering and punitive damages. Defendant prevailed on a motion for summary judgment and the Court notes the Defendant's attorneys provided well-supported and persuasive briefs. Defendant has met many of the above factors. The Court finds the amount requested by Defendant to be reasonable.

IT IS THEREFORE ORDERED that Defendant's motion for attorney's fees be GRANTED.  (Doc. 98).  Defendant is awarded $60,250.00 in attorney's fees.

SO ORDERED this 23rd day of October, 2006.

                                                  s/ Wesley E. Brown
                                                  Wesley E. Brown
                                                  U.S. Senior District Judge